DOWNEY, Judge.
This is an appeal from a final order of the Department of Professional Regulation affirming the findings of a hearing officer that Charles Sturrup, D.D.S., procured marijuana in violation of Sections 466.-028(l)(q) and (r), Florida Statutes (1981).
Appellant, a practicing dentist, owned the building in which he carried on his dental practice. Appellant and his son renovated a back room by partitioning it into two rooms. One of the rooms was used for general storage and the other was kept locked with only appellant and his son having keys. Appellant’s dental assistants discovered the locked room had what appeared to be marijuana plants growing therein. One of the plants was delivered to the police and eventually led to issuance and execution of a search warrant. When the search warrant was being executed appellant denied he had a key to the room, so the police kicked the door in. Later, they found a key to the room in appellant’s desk drawer. The room contained 31 marijuana plants, potting soil, fertilizer, and water canisters.
The Department of Professional Regulations filed an administrative complaint against appellant, alleging violation of Chapter 466, Florida Statutes (1981).
Although appellant contended the marijuana belonged to his son and that he was unaware of its existence, the hearing officer rejected that contention and found the doctor had constructive possession of the contraband in accordance with Florida *928 law on constructive possession. Specifically, the hearing officer found appellant guilty of procuring a contraband drug in yiolation of Sections 466.028(l)(q) and (r).
i Finally, appellant contends that, even if he did have constructive possession of the contraband, that is not a violation of the aforementioned statute. We disagree. By definition, to procure means to possess. Webster’s Seventh New Collegiate Dictionary.
Having considered appellant’s other arguments for reversal and having found no reversible error demonstrated, we affirm the judgment appealed from.
AFFIRMED.
ANSTEAD, C.J., and RODGERS, EDWARD, Associate Judge, concur.